UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AUTOMATED TRANSACTIONS LLC,

                Plaintiff,

        -against-

ASTORIA FEDERAL SAVINGS AND
LOAN ASSOCIATION,

                Defendant,

        -against-

METAVANTE CORPORATION and
DIEBOLD, INC.,

                Third Party Defendants.

------------------------------------------------------------------x

09 Civ. 9669 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Astoria Federal Savings and Loan Association and third party defendant Diebold, Inc., have moved for a stay of these proceedings until after the U.S. Court of Appeals for the Federal Circuit decides the appeal of *Automated Transactions LLC v. IYG Holding Co. ("IYG")*, 768 F. Supp. 2d 727 (D. Del. 2011). In *IYG*, plaintiff Automated Transactions LLC asserted some of the same patents it asserts here, and the district court in *IYG* found that ATM machines that did not access the "Internet," as it construed that term in a claim limitation, did not infringe plaintiff's patents. *Id.* at 740. Movants contend that the allegedly infringing ATMs here also do not access the "Internet" as construed in *IYG* and that ATL will be collaterally estopped from challenging *IYG*'s claim construction if it is affirmed on appeal. Thus, they request a stay

under the theory that application of the holding in *IYG* to their allegedly infringing ATMs will result in a finding of non-infringement by defendant.

"In determining whether to stay a civil action, pending resolution of a concurrent civil action in federal court, the courts in this district usually consider the following factors: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *"The Youngbloods" v. BMG Music*, 07 Civ. 2394 (GBD) (KNF), 2011 U.S. Dist. LEXIS 1585, at *13 (S.D.N.Y. Jan. 6, 2011) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Balancing these factors, the Court finds that movants have not met their burden. As an initial matter, to the extent that plaintiffs are collaterally estopped from challenging *IYG*'s holding, the pendency of an appeal does not alter the preclusive effect of an otherwise final ruling. *See El-Bey v. New York*, 464 F. Supp. 2d 329, 334 (S.D.N.Y. 2006) (citing *Huron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189, 725 (1941)). Furthermore, even assuming the binding effect of *IYG*'s patent claim construction, movants have not demonstrated that the allegedly infringing products here are materially indistinguishable from the products at issue in *IYG*. Movants—who sell and use the ATMs—possess the pertinent factual evidence that would determine the effect of *IYG*'s claim construction. But they offer only a conclusory declaration to the

effect that "only a minority" of the allegedly infringing ATM machines can access the internet, and that all are configured to block any such access. (Decl. of Martin McAleer Jr. dated July 22, 2011 at 2; Dkt. No. 72, Ex. 2.) Thus, they contend, absent access to the "Internet" as that term is construed in *IYG*, these ATMs cannot infringe the asserted patents. Plaintiffs, however, have submitted evidence that Diebold markets its ATMs as able to "offer Internet access." (Ex. 2 to Decl. of Gerard F. Diebner dated July 29, 2011; Dkt. No. 73, Ex. 2, at 1.)

The effect of *IYG* is best addressed, and the balance of the interests is best served, by advancing this case forward. The motion for a stay of proceedings (Dkt. No. 71) is denied.

Dated: New York, New York
March 15, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

3