UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTOMATED TRANSACTIONS LLC,<br><br>**Plaintiff,**<br>v.<br><br>ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION,<br><br>**Defendants,**<br><br>v.<br><br>METAVANTE CORPORATION AND DIEBOLD INCORPORATED,<br><br>**Third-Party Defendants.** | Case No. 09-CV-9669 (SHS)<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS

Plaintiff, Automated Transactions LLC ("Plaintiff") pleads as follows in response to Defendant Astoria Federal Savings and Loan Association's ("Defendant") Counterclaims as follows:

1. Plaintiff admits the allegations set forth in paragraph 1 of Defendant's Counterclaims.

2. Plaintiff admits the allegations set forth in paragraph 2 of Defendant's Counterclaims.

3. Plaintiff admits the allegations set forth in paragraph 3 of Defendant's Counterclaims.

4. Plaintiff admits the allegations set forth in paragraph 4 of Defendant's Counterclaims.

1

5. Plaintiff admits the allegations set forth in paragraph 5 of Defendant's Counterclaims.

6. Plaintiff repeats and realleges its Replys to Paragraphs 1-5 of Defendant's Counterclaims herein in response to Paragraph 6 of Defendant's Counterclaims.

7. Plaintiff admits the allegations set forth in paragraph 7 of Defendant's Counterclaims.

8. Plaintiff admits the allegations set forth in paragraph 8 of Defendant's Counterclaims.

9. Plaintiff admits the allegations set forth in paragraph 9 of Defendant's Counterclaims.

10. Plaintiff admits the allegations set forth in paragraph 10 of Defendant's Counterclaims.

11. In response to paragraph 11 of Defendant's Counterclaims, Plaintiff admits that on May 28, 2008 Remarks in response to an Office Action were filed opposing the Examiner's rejections, that a copy of the Remarks is attached at Exhibit 4 to Defendant's Answer and Counterclaims and that the quoted sentence appears in the Remarks. Plaintiff denies the remaining allegations contained in paragraph 11 of Defendant's Counterclaims.

12. Plaintiff denies the allegations set forth in paragraph 12 of Defendant's Counterclaims.

13. Plaintiff denies the allegations set forth in paragraph 13 of Defendant's Counterclaims.

14. Plaintiff denies the allegations set forth in paragraph 14 of Defendant's Counterclaims.

15. Plaintiff denies the allegations set forth in paragraph 15 of Defendant's Counterclaims.

16. In response to paragraph 16 of Defendant's Counterclaim, Plaintiff admits that on March 9, 2011 the Court in the Delaware action issued a memorandum opinion, that a copy of the opinion is attached as Exhibit 8 to Defendant's Answer and Counterclaims, that the memorandum opinion, among other things, granted defendants' motion for summary judgment of non-infringement but denies that the Court was correct in so ruling.

17. In response to paragraph 17 of Defendant's Counterclaims, Plaintiff admits the Court construed the terms "Internet" and "Internet interface" but denies that the Court was correct in finding no infringement.

18. Plaintiff admits that it was the plaintiff in the Delaware action but denies the remaining allegations set forth in paragraph 18 of Defendant's Counterclaims.

19. Plaintiff denies the allegations set forth in paragraph 19 of Defendant's Counterclaims.

20. Plaintiff denies the allegations set forth in paragraph 20 of Defendant's Counterclaims.

21. Plaintiff denies the allegations set forth in paragraph 21 of Defendant's Counterclaims.

22. Plaintiff denies the allegations set forth in paragraph 22 of Defendant's Counterclaims.

23. Plaintiff denies the allegations set forth in paragraph 23 of Defendant's Counterclaims.

24. Plaintiff denies the allegations set forth in paragraph 24 of Defendant's Counterclaims.

25. Plaintiff denies the allegations set forth in paragraph 25 of Defendant's Counterclaims.

26. Plaintiff repeats and realleges its Replys to Paragraphs 1-27 (sic 25) of Defendant's Counterclaims herein in response to Paragraph 26 of Defendant's Counterclaims.

27. Plaintiff denies the allegations set forth in paragraph 27 of Defendant's Counterclaims.

28. Plaintiff denies the allegations set forth in paragraph 28 of Defendant's Counterclaims.

29. Plaintiff admits the allegations set forth in paragraph 29 of Defendant's Counterclaims.

30. Plaintiff denies the allegations set forth in paragraph 30 of Defendant's Counterclaims.

31. Plaintiff admits that the quoted language appears at page 9, lines 11-16 of Lawlor but denies the remaining allegations set forth in paragraph 31 of Defendant's Counterclaims.

32. Plaintiff admits that the quoted language appears at page 9, lines 53-55 and column 27, lines 6-9 of Lawlor but denies the remaining allegations set forth in paragraph 32 of Defendant's Counterclaims.

[957443-1]

33. Plaintiff admits that the quoted language appears at column 21, lines 19-23 Lawlor but denies the remaining allegations set forth in paragraph 33 of Defendant's Counterclaims.

34. Plaintiff denies the allegations set forth in paragraph 34 of Defendant's Counterclaims.

35. Plaintiff admits that the quoted language appears at column 21, lines 11-15 of Lawlor but denies the remaining allegations set forth in paragraph 35 of Defendant's Counterclaims.

36. Plaintiff admits that the quoted language appears at column 21, lines 19-23 and column 10, lines 24-26 of Lawlor but denies the remaining allegations set forth in paragraph 36 of Defendant's Counterclaims.

37. Plaintiff admits that the quoted language appears at column 23, lines 44-49 and column 10, lines 34-43 of Lawlor but denies the remaining allegations set forth in paragraph 37 of Defendant's Counterclaims.

38. Plaintiff denies the allegations set forth in paragraph 38 of Defendant's Counterclaims.

39. Plaintiff admits the allegations set forth in paragraph 39 of Defendant's Counterclaims.

40. Plaintiff admits that Hoffman was filed on May 17, 1995 as a continuation-in-part of an application filed on November 28, 1994 but denies the remaining allegations set forth in paragraph 40 of Defendant's Counterclaims.

41.     In response to paragraph 41 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears at column 27, lines 34-37 of Hoffman but denies the remaining allegations in this paragraph.

42.     In response to paragraph 42 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears at column 17, lines 52-55 of Hoffman, but denies the remaining allegations in this paragraph.

43.     In response to paragraph 43 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears in claim 16 and column 2, lines 17-18 of Hoffman but denies the remaining allegations in this paragraph.

44.     Plaintiff admits that the quoted language appears in column 27, lines 8-10 of Hoffman but denies the remaining allegations set forth in paragraph 44 of Defendant's Counterclaims.

45.     Plaintiff denies the allegations set forth in paragraph 45 of Defendant's Counterclaims.

46.     In response to paragraph 46 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears at column 89, lines 11-14 of Hoffman but denies the remaining allegations in this paragraph.

47.     In response to paragraph 47 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears at column 89, lines 11-14 of Hoffman but denies the remaining allegations in this paragraph.

48.     In response to paragraph 48 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears in column 12, lines 23-28 of Hoffman but denies the remaining allegations in this paragraph.

49. Plaintiff denies the allegations set forth in paragraph 49 of Defendant's Counterclaims.

50. Plaintiff admits the allegations set forth in paragraph 50 of Defendant's Counterclaims.

51. In response to paragraph 51 of Defendant's Counterclaims, Plaintiff admits that Kawan was filed on August 17, 1998 and claims priority as a divisional from an application filed on November 13, 1995, but denies the remaining allegations in this paragraph.

52. In response to paragraph 52 of Defendant's Counterclaim, Plaintiff admits that the quoted language appears in claim 12 and column 6, lines 16-25 of Kawan but denies that Kawan is prior art.

53. In response to paragraph 53 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears in claim 12 of Kawan but denies the remaining allegations in this paragraph.

54. In response to paragraph 54 of Defendant's Counterclaims, Plaintiff admits that the quoted language appears in claim 12 and column 7, lines 4-7 of Kawan but denies the remaining allegations in this paragraph.

55. Plaintiff admits that the quoted language appears in claim 12 and column 3, lines 47-59 of Kawan but denies the remaining allegations set forth in paragraph 55 of Defendant's Counterclaims.

56. Plaintiff denies the allegations set forth in paragraph 56 of Defendant's Counterclaims.

57. Plaintiff denies the allegations set forth in paragraph 57 of Defendant's Counterclaims.

58. Plaintiff denies the allegations set forth in paragraph 58 of Defendant's Counterclaims.

59. Plaintiff denies the allegations set forth in paragraph 59 of Defendant's Counterclaims.

60. Plaintiff denies the allegations set forth in paragraph 60 of Defendant's Counterclaims.

61. Plaintiff admits the allegations set forth in paragraph 61 of Defendant's Counterclaims.

62. Plaintiff denies the allegations set forth in paragraph 62 of Defendant's Counterclaims.

63. Plaintiff denies the allegations set forth in paragraph 63 of Defendant's Counterclaims.

64. Plaintiff admits the allegations set forth in paragraph 64 of Defendant's Counterclaims.

65. Plaintiff denies the allegations set forth in paragraph 65 of Defendant's Counterclaims.

66. Plaintiff denies the allegations set forth in paragraph 66 of Defendant's Counterclaims.

67. Plaintiff admits the allegations set forth in paragraph 67 of Defendant's Counterclaims.

68. Plaintiff denies the allegations set forth in paragraph 68 of Defendant's Counterclaims.

69. Plaintiff denies the allegations set forth in paragraph 69 of Defendant's Counterclaims.

70. Plaintiff admits the allegations set forth in paragraph 70 of Defendant's Counterclaims.

71. Plaintiff denies the allegations set forth in paragraph 71 of Defendant's Counterclaims.

72. Plaintiff admits the allegations set forth in paragraph 72 of Defendant's Counterclaims.

73. Plaintiff denies the allegations set forth in paragraph 73 of Defendant's Counterclaims.

74. Plaintiff denies the allegations set forth in paragraph 74 of Defendant's Counterclaims.

75. Plaintiff denies the allegations set forth in paragraph 75 of Defendant's Counterclaims.

76. Plaintiff denies the allegations set forth in paragraph 76 of Defendant's Counterclaims.

77. Plaintiff denies the allegations set forth in paragraph 77 of Defendant's Counterclaims.

78. Plaintiff denies the allegations set forth in paragraph 78 of Defendant's Counterclaims.

79. Plaintiff denies the allegations set forth in paragraph 79 of Defendant's Counterclaims.

80. Plaintiff denies the allegations set forth in paragraph 80 of Defendant's Counterclaims.

81. Plaintiff denies the allegations set forth in paragraph 81 of Defendant's Counterclaims.

82. Plaintiff denies the allegations set forth in paragraph 82 of Defendant's Counterclaims.

83. Plaintiff denies the allegations set forth in paragraph 83 of Defendant's Counterclaims.

84. Plaintiff denies the allegations set forth in paragraph 84 of Defendant's Counterclaims.

85. Plaintiff denies the allegations set forth in paragraph 85 of Defendant's Counterclaims.

86. Plaintiff denies the allegations set forth in paragraph 86 of Defendant's Counterclaims.

87. Plaintiff denies the allegations set forth in paragraph 87 of Defendant's Counterclaims.

88. Plaintiff denies the allegations set forth in paragraph 88 of Defendant's Counterclaims.

89. Plaintiff denies the allegations set forth in paragraph 89 of Defendant's Counterclaims.

90. Plaintiff denies the allegations set forth in paragraph 90 of Defendant's Counterclaims.

91. Plaintiff denies the allegations set forth in paragraph 91 of Defendant's Counterclaims.

92. Plaintiff denies the allegations set forth in paragraph 92 of Defendant's Counterclaims.

93. Plaintiff repeats and realleges its Replys to Paragraphs 1-92 of Defendant's Counterclaims herein in response to Paragraph 93 of Defendant's Counterclaims.

94. Plaintiff admits the allegations set forth in paragraph 94 of Defendant's Counterclaims.

95. Plaintiff admits the allegations set forth in paragraph 95 of Defendant's Counterclaims.

96. Plaintiff admits the allegations set forth in paragraph 96 of Defendant's Counterclaims.

97. In response to paragraph 97 of Defendant's Counterclaims, Plaintiff denies that the continuation applications referenced in this paragraph were filed over eleven and one-half (11.5) years after the filing of the '533 provisional application but admits the remainder of this paragraph.

98. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 98 of Defendant's Counterclaims and therefore denies same.

99. Plaintiff admits the allegations set forth in paragraph 99 of Defendant's Counterclaims.

100. Plaintiff denies the allegations set forth in paragraph 100 of Defendant's Counterclaims.

101. Plaintiff denies the allegations set forth in paragraph 101 of Defendant's Counterclaims.

102. Plaintiff denies the allegations set forth in paragraph 102 of Defendant's Counterclaims.

103. Plaintiff admits the allegations set forth in paragraph 103 of Defendant's Counterclaims.

WHEREFORE, Plaintiff prays for the following relief:

A. An order dismissing Defendant's Counterclaims with prejudice and denying the relief requested in the Counterclaims;

B. An award of attorney's fees and costs associated with Plaintiff's responses to Defendant's Counterclaims, including attorney's fees and costs available pursuant to 35 U.S.C. §285; and

C. Such other and further relief as this Court deems necessary and just.

Dated: March 19, 2012

Respectfully submitted,

Albert L. Jacobs, Jr. (AJ 4211)
Gerard F. Diebner (GD 5603)
Tannenbaum Helpern Syracuse &
 Hirschtritt LLP
900 Third Avenue, 13th Floor
New York, New York 10022
(212) 508-7528
*Attorneys for Plaintiff*
*Automated Transactions LLC*

CERTIFICATE OF SERVICE

The foregoing PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS was served on all counsel of record on March 19, 2012 by electronic mail through the Court's CM/ECF system.

Gerard F. Diebner
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue
New York, New York  10022
Telephone: (212) 508-7533
Email: Diebner@thsh.com
*Attorney for Plaintiff*
*Automated Transactions LLC*