UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                              :

AUTOMATED TRANSACTIONS LLC,        :

            *Plaintiff,*        :      Civil Action No. 09-CV-9669

                              :      (SHS)

            - v. -          :

ASTORIA FEDERAL SAVINGS AND    :
LOAN ASSOCIATION,

             *Defendant.*    :

---------------------------------------------------------------- x

**PLAINTIFF AUTOMATED TRANSACTIONS LLC'S MEMORANDUM IN
SUPPORT OF ITS MOTION TO SERVE AND FILE AN AMENDED COMPLAINT**

Albert L. Jacobs, Jr.
Gerard F. Diebner
**Tannenbaum Helpern
Syracuse & Hirschtritt LLP**
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Plaintiff
Automated Transactions, LLC*

961901

# TABLE OF CONTENTS

I. FACTS ..........................................................................................................................1

    A. INTRODUCTION...............................................................................................1

    B. STATUS OF THE LITIGATION ......................................................................1

    C. SIMILARITIES BETWEEN THE NEWLY ASSERTED PATENTS AND THE
       PREVIOUSLY ASSERTED PATENTS ..............................................................2

    D. ASTORIA'S AWARENESS OF THE NEWLY ASSERTED PATENTS .................2

II. ARGUMENT.................................................................................................................3

    A. ATL SHOULD BE PERMITTED TO AMEND ITS PLEADINGS PURSUANT TO
       FED.R.CIV.P. L5 ...............................................................................................3

    B. ATL IS NOT BARRED FROM AMENDING THE COMPLAINT BY ANY
       SCHEDULING ORDER.......................................................................................5

III. CONCLUSION .............................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)................................................................2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)........................................2

Bujitas v. Henningsen Foods Inc., 63 F.R.D. 660, 662 (S.D.N.Y. 1974.............. 5

Christiana Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.,
    745 F.Supp. 150, 163-64 (S.D.N.Y. 1990) ......................................................4

E*Trade Fin. Corp. v. Deutsche Bank AG, 420 F.Supp.2d 273, 282 (S.D.N.Y. 2006).........3

Foman v. Davis, 371 U.S. 178, 182 (1962)...........................................................3

Guzman v. Bevona, 90 F.3d 641, 649 (2d Cir. 1996) ...........................................4

In re Horizon Cruises Litig., 101 F.Supp.2d 204, 215 (S.D.N.Y. 2000)...............4

Inside Radio, Inc. v. Clear Channel Commc'ns, Inc.,
    209 F.Supp.2d 302, 305 (S.D.N.Y. 2002).......................................................6

Jaser v. N.Y. Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987).................4

Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995).................4

Spanierman Gallery, PSP v. Love, 320 F.Supp.2d 108, 113 (S.D.N.Y. 2004) .....................5

Urban Box Office Network, Inc. v. Interfase Managers, L.P.,
    232 F.R.D. 169, 172 (S.D.N.Y. 2004) ...........................................................6

Xerox Corp. v. Media Scis. Int'l, Inc., 511 F.Supp.2d 372, 379, 390 (S.D.N.Y. 2007) ........3

**Statutes**

Fed.R.Civ.P. 15(a)(2)...........................................................................................2

I.      **FACTS**

     A.   **INTRODUCTION**

        Plaintiff Automated Transactions LLC ("ATL") respectfully seeks leave to amend its pleadings to assert infringement of U.S. Patent Nos. 7,575,850 (the "'850 Patent"); 7,591,420 (the "'420 Patent"); 7,617,973 (the "'973 Patent"); 7,793,830 (the "'830 Patent"); and 7,802,718 (the "'718 Patent")(collectively the "Newly Asserted Patents"). A copy of Plaintiffs proposed amended pleading ("Third Amended Complaint") is attached to the Declaration of Gerard F. Diebner ("Diebner Declaration") at Exhibit 1. ATL respectfully submits that this motion should be granted because the Newly Asserted Patents introduce no new issues into the litigation, this case has not yet entered fact discovery and no depositions have been taken, the specification of the Newly Asserted Patents is identical to the specifications of the other patents in suit and no additional discovery will be needed if ATL is allowed to assert the Newly Asserted Patents.

        Finally, while the Scheduling Order (D.I. 52) stated that the last day to amend pleadings was July 14, 2011, the Scheduling Order was stayed (D.I. 82). Therefore, there is no procedural limitation to amending the Complaint. For all these reasons, ATL should be permitted to amend its Complaint to assert infringement of the Newly Asserted Patents.

     B.   **STATUS OF THE LITIGATION**

        ATL has twice previously amended its Complaint. The First Amended Complaint (D.I. 27) was filed on May 14, 2010. The First Amended Complaint asserted infringement of U.S. Patent Nos. 7,591,158; 7,597,248; 7,600,677 and 7,699,220. On June 18, 2010, Plaintiff filed a Second Amended Complaint (D.I. 38). The Second Amended

Complaint was submitted to overcome certain objections raised by Defendant Astoria

Federal Savings and Loan Association ("Astoria") under *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Finally, while the Scheduling Order (D.I. 52) stated that the last day to amend

pleadings was July 14, 2011, the Scheduling Order was stayed (D.I. 82). Therefore, there is

no procedural limitation to amending the Complaint.

> **C.   SIMILARITIES BETWEEN THE NEWLY ASSERTED PATENTS
> AND THE PREVIOUSLY ASSERTED PATENTS**

All of the Newly Asserted Patents are continuations from U.S. Patent No.

6,945,457. Therefore, all of the specifications are the same as those of the previously

asserted patents which are also continuations from U.S. Patent No. 6,945,457.  In addition,

although the claims of the Newly Asserted Patents are worded differently from the patents

currently in this suit, they are needed for a full adjudication of Astoria's infringement.

> **D.   ASTORIA'S AWARENESS OF THE NEWLY ASSERTED PATENTS**

Astoria has been made aware of all the Newly Asserted Patents prior to the

filing of this Motion to Amend the Complaint. Via e-mails dated April 24 and 25, 2012,

Astoria's counsel was made aware of the fact that ATL had obtained additional patents for

its portfolio.  Also, on April 26, 2012, a copy of the '973 patent was e-mailed to Astoria's

counsel.

## II.   ARGUMENT

### A.   ATL SHOULD BE PERMITTED TO AMEND ITS PLEADINGS PURSUANT TO FED.R.CIV.P. 15

It is axiomatic that "a party may amend its pleading ... by the court's leave" and "[t]he court shall freely give leave when justice so requires". Fed.R.Civ.P. 15(a)(2).  A court may deny leave to amend when it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment ... ". *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman, supra*, 371 U.S. at 182. The Second Circuit and district courts within the Circuit have similarly held that the extremely liberal policy of Rule 15(a) favors amendment in the absence of undue delay, bad faith, futility of the amendment, or resulting prejudice. *See, e.g., E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F.Supp.2d 273, 282 (S.D.N.Y. 2006) ("This mandate to give leave freely is to be heeded" (citations omitted));  *Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F.Supp.2d 372, 379, 390 (S.D.N.Y. 2007); *Christiana Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.*, 745 F.Supp. 150, 163-64 (S.D.N.Y. 1990) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). Indeed, leave to amend may be appropriate even when the request is made well after discovery, up to the eve of trial. *Guzman v. Bevona*, 90 F.3d 641, 649 (2d Cir. 1996).

All of the above factors favor allowing ATL to amend its pleadings to assert infringement of the Newly Asserted Patents.

3

First, ATL has not delayed in seeking to amend its pleading. The parties have been speaking and the assertion of these newly issued patents may also assist the discussions between the parties. Leave to amend a Complaint should only be denied when there is undue delay which shows bad faith or the other party in prejudiced. *See, e.g., Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995); *In re Horizon Cruises Litig.*, 101 F.Supp.2d 204, 215 (S.D.N.Y. 2000) (collecting cases). Astoria cannot claim there has been an undue delay in this case, as it has not yet even proceeded to discovery. *See Spanierman Gallery, PSP v. Love*, 320 F.Supp.2d 108, 113 (S.D.N.Y. 2004) ("Defendants can hardly be heard to complain of undue delay or prejudice because the case has not even proceeded to discovery"). Indeed, the parties have been unable to agree even on a Protective Order. There is no bad faith nor are there dilatory tactics involved here. Moreover, asserting the Newly Asserted Patents will not cause delay in this case. Further arguing against delay is the fact that specifications for the patents are all the same and the claim language simply covers Defendant's infringing use of ATM using different words.

As for undue prejudice to Astoria, there is none, since the amendments are based on facts of which Astoria has been long aware and merely elaborate claims that ATL has asserted since the beginning of this action. *See Spanierman Gallery, supra*, 320 F.Supp.2d at 113 (amendment allowed because "the new facts alleged involve the same basic premise as the original complaint"); *Bujitas v. Henningsen Foods Inc.*, 63 F.R.D. 660, 662 (S.D.N.Y. 1974) (no prejudice because "theory of plaintiffs' action will remain the same," and "the proofs will remain the same").

Astoria cannot credibly argue that allowing ATL to assert infringement of the Newly Asserted Patents would unduly prejudice it. *See Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 172 (S.D.N.Y. 2004), (granting leave to amend to add new cause of action where "the proposed new claims . . . are premised on essentially the same facts and events which are the basis of the original . . . claim"); *Inside Radio, Inc. v. Clear Channel Commc'ns, Inc.*, 209 F.Supp.2d 302, 305 (S.D.N.Y. 2002) (granting leave to amend to add new claim which "involve[d] essentially the same facts underlying the previous claims"). No new issues will be injected into this litigation. The amendments should therefore be allowed.

As to the futility of amendment factor, there have been no repeated failures to cure deficiencies by amendments previously allowed. Therefore, this factor does not apply.

### B.   ATL IS NOT BARRED FROM AMENDING THE COMPLAINT BY ANY SCHEDULING ORDER

The Scheduling Order (D.I. 52) stated that the last day to amend pleadings was July 14, 2011, however, the Scheduling Order was stayed (D.I. 82). No new Scheduling Order is in place.

Therefore, ATL respectfully submits that there is no procedural limitation to amending the Complaint at this time.

## III.   <u>CONCLUSION</u>

For all the above reasons, ATL should be permitted to amend its pleadings to assert infringement of U.S. Patent Nos. 7,575,850; 7,591,420; 7,617,973; 7,793,830; 7,802,718.

Dated: June 4, 2012                  Respectfully submitted,

Albert L. Jacobs, Jr.
Gerard F. Diebner
**Tannenbaum Helpern Syracuse &
Hirschtritt LLP**
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Plaintiff
Automated Transactions, LLC*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of Plaintiff

Automated Transactions LLC's Motion and memorandum of Law to serve and file an

Amended Complaint, with supporting Declaration of Gerard F. Diebner, have been

served on to all counsel of record who are deemed to have consented to electronic service

via the court's CM/ECF system per Local Civil Rule 5.2.  Any other counsel of record

will be served by U.S. mail.

Gerard F. Diebner

Dated:  June 4, 2012

[961901-1]