UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                    :
AUTOMATED TRANSACTIONS LLC,                                         :
                                                                    :    Civil Action No. 09-CV-9669
            *Plaintiff*,                                         :    (SHS)
                                                                    :
            - v. -                                             :
                                                                    :
ASTORIA FEDERAL SAVINGS AND                                         :
LOAN ASSOCIATION,                                                   :
                                                                    :
            *Defendant.*                                        :
                                                                    :
------------------------------------------------------------------- X


## PLAINTIFF AUTOMATED TRANSACTIONS LLC'S REPLY IN SUPPORT OF ITS MOTION TO SERVE AND FILE AN AMENDED COMPLAINT

> Albert L. Jacobs, Jr.
> Gerard F. Diebner
> **Tannenbaum Helpern**
> **Syracuse & Hirschtritt LLP**
> 900 Third Avenue
> New York, New York 10022
> (212) 508-6700
>
> *Attorneys for Plaintiff*
> *Automated Transactions, LLC*

[963340-1]

# Table of Contents

I.   INTRODUCTION ............................................................................................1

II.  FACTS ...........................................................................................................1

   A. The ATMs At Issue Here Are Different From The Devices at Issue Before The
      Federal Circuit  ........................................................................................1

   B. The Federal Circuit's Ruling Was Narrow, Not Broad................................3

   C. Another Court's Ruling Is In Agreement With ATL ....................................4

   D. Astoria's Contentions With Respect To
      U.S. Patent No. 7,617,973 Are Without Merit............................................5

III. CONCLUSION ...............................................................................................6

[963340-1]

# TABLE OF AUTHORITIES

**Cases**

*ATL v. First Niagara Financial Group*, Civil Action No. 10-cv-00407 (W.D.N.Y.)............5

*Automated Transactions, LLC v. IYG Holding Co.,
   et al*, 2011-1492 (Fed. Cir. April 23, 2012) ..............................................................1, 3, 4

*In re Transaction Holdings, Ltd., LLC*, 2011-1361 (Fed. Cir. 2012) ................................3, 4

*Omega Eng., Inc. v. Raytec, Inc.*, 334 F.3d 1314, 1322-23 (Fed.Cir. 2003)..........................6

**Rules**

Fed.R. Civ.P. 15(a).................................................................................................................1

I.  **INTRODUCTION**

In its opposition, Astoria argues that ATL's Motion to amend its Complaint should be denied as futile and made in bad faith because ATL's infringement contentions are barred under the doctrine of collateral estoppel. At page 4 of its Opposition, however, Astoria admits the fatal flaw in its argument. There, Astoria concedes that in order for collateral estoppel to apply, the "identical issue" had to be raised in the previous litigation. The "identical issue", however, was **not** raised in the *ATL v. IYG, et al* case. That case dealt with the narrow question of whether the Delaware defendants' Vcom devices infringed some of the same patent claims being asserted here. Astoria's ATMs however, are not Vcom devices. Moreover, Astoria stands accused of infringing patents and claims which were not asserted in the earlier litigation.

Simply put, Astoria has failed to raise a credible argument in opposition to ATL's Motion to amend its complaint. Therefore, and in view of the liberal policy of Fed.R. Civ.P. 15(a), ATL's Motion should be granted.

II. **FACTS**

A.  **The ATMs At Issue Here Are Different From The Devices at Issue Before The Federal Circuit**

There are numerous differences between Astoria's ATMs and the ATMs (Vcoms) at issue before the Federal Circuit. These differences repudiate Astoria's argument that the identical issues raised in this action were also raised in the Federal Circuit action.

First, the ATMs at issue in the other action are specialized ATMs called Vcoms. These devices are unique to some (but not all) 7-Eleven stores. The Vcom devices are manufactured by NCR Corp.

1

The ATMs used by Astoria are not Vcoms and are not specialized or unique. They are standard ATMs. Moreover, they are manufactured by Diebold Corp., not NCR. Thus, the ATMs at issue here are different and manufactured by a different company.

The Vcom ATMs employ a network or system run by Cardtronics, Inc. The Astoria ATMs employ a network or system run by Metavante Corp. (now Fidelity National Information Services ("FIS")). The Cardtronics and FIS systems are different.

The Vcom devices communicate with a Cardtronics server called "Postillion." Astoria's ATMs do not communicate with "Postillion," a server unique to Cardtronics.

Vcom devices communicate with the Postillion server via an AT&T frame relay network. Astoria's ATMs communicate via an FIS Router. Carey Declaration at paragraph 3. Again, these are different.

The above is just a summary of the differences between the Astoria ATMs and the Vcoms devices. These differences are apparent even before discovery commences in this action against Astoria. Given these differences, it cannot be credibly argued that the issues here are identical to those raised in the prior litigation.

Indeed, a specific issue Astoria relies upon in its Opposition, i.e. the way in which its ATMs communicate with the FIS system, does not support and in fact repudiates Astoria's argument. The system Astoria employs is different from that used by Vcom and there is evidence to establish, even at this early stage, that Astoria's ATMs literally infringe the asserted claims, as those claims have been construed by the Federal Circuit.

The Federal Circuit affirmed the District Court's finding that the specialized Vcom devices did not have an Internet interface or Internet access because the Vcom devices

2

"conduct transactions over a fully private frame relay network." *In re Transaction Holdings, ATL v. IYG, et al*, 2011-1361, 2011-1492, at 9 (Fed. Cir. April 23, 2012). Here, as noted above, Astoria's ATMs do **not** communicate over a private frame relay network. Rather, they communicate over a FIS Router.

Moreover, there is evidence to demonstrate that the FIS Router literally infringes the claims as construed by the Federal Circuit. For example, in paragraph 4 of the Corey Declaration, Mr. Corey concedes that the FIS Router is firewall protected. A firewall, which is usually password protected, is used to transmit data securely over the Internet. If the FIS Router was indeed private, this type of security would not be needed and would not be used. Since the FIS Router does use this firewall security, it follows that the FIS Router is part of the Internet. It is not a private network. Therefore, the Astoria ATMs **do** have an Internet interface or Internet access.

The above demonstrates that Astoria's "identical issue" argument is simply false. Different ATMs and different networks are involved and even Astoria's own submissions show literal infringement. On these facts, Astoria's futility and bad faith contentions must be rejected.

## B. The Federal Circuit's Ruling Was Narrow, Not Broad

The Federal Circuit's ruling in *Automated Transactions, LLC v. IYG Holding Co., et al*, 2011-1492 (Fed. Cir. April 23, 2012)[1] is not entitled to the expansive reading Astoria

---

[1] The ATL opinion was combined with a related opinion, *In re Transaction Holdings, Ltd., LLC*, 2011-1361 (Fed. Cir. 2012). *The Transaction Holdings* ruling related to U.S. Patent No. 6,945,457 (the " '457 patent"). The '457 patent is not at issue in the present litigation, although the '457 patent specification is the same as the specifications of the asserted patents.

3

seeks to give it. Indeed, that holding is very narrow and relates to the specialized Vcom devices used in some 7-Eleven stores.

The Federal Circuit held that the claim elements "Internet interface" and "Internet access" required that the Vcom device access the Internet. The Federal Circuit then held that the specific network that the Vcom devices accessed was a private frame relay network, which the Federal Circuit held was not part of the Internet. *Id.* At 9-10. Therefore, per the Federal Circuit, the Vcom devices did not access the Internet but rather accessed a private network.

Thus, the Federal Circuit's ruling relates to the private frame relay used by Vcom only. It cannot be expanded to include the FIS Router used by Astoria's ATMs. Moreover, as noted above in Point II.A., there is evidence to demonstrate that Astoria's FIS Router is part of the Internet. Therefore, on this genuinely disputed fact, Astoria's contention that the "identical issue" presented here was raised in the prior litigation is plainly wrong.

### C. Another Court's Ruling Is In Agreement With ATL

*ATL v. First Niagara Financial Group*, Civil Action No. 10-cv-00407 (W.D.N.Y.) was a case similar to the case at bar and asserted many of the same patents and claims against First Niagara's ATMs. That case was transferred to the Western District of New York from this court and has now settled. In that case, First Niagara moved for a stay based on the Delaware ruling which held that the Vcom devices did not infringe the Internet interface or Internet access limitation of the claims because the Vcoms connected to a private frame relay network. That is the same argument Astoria is making here. ATL opposed that motion on the ground that the Delaware ruling was a narrow ruling limited to

4

963340

Vcom's only, and there was no evidence to show that First Niagara's system was similar to or the same as the Vcom system. Despite First Niagara's submission of Reply declarations to show similarities between the two systems, the District Court denied First Niagara's Motion for Stay because, *inter alia*, it was unwilling to accept as a matter of law First Niagara's Reply declarations that its devices did not access the Internet. *See* Decision and Order dated October 12, 2011 (Document No. 146).

The same rationale should apply here. The specialized Vcom devices at issue in the Delaware action and the Federal Circuit are substantially different from the ATMs Astoria uses, and this Court should not have to accept as a matter of law the unsupported assertions made in the Carey declaration. There is at a minimum a genuine question of fact as to whether Astoria's ATMs have an Internet interface or Internet access.

### D.  Astoria's Contentions With Respect To U.S. Patent No. 7,617,973 Are Without Merit

At page 6 of its Opposition, Astoria admits, as it must, that the claims of U.S. Patent No. 7,617,973 (the " '973 patent") do not state "Internet interface" or "Internet access". Rather, what the claims of the '973 patent state is "network services to Intranet services connections". Therefore, the Federal Circuit's claim construction rulings with respect to "Internet interface" or "Internet access" do not apply to the claims of the '973 patent because these terms do not appear in the claims of the '973 patent.

To overcome this obvious dilemma, Astoria attempts to fashion an argument that since the '973 patent specification is the same as the patent specifications of the other patents, then somehow claim limitations which appear in the other patents should be read

into the claims of the '973 patent, even though those limitations do not in fact appear in the claims of the '973 patent. This argument, however, lacks even a shred of merit.

It is well settled beyond the need for citation that it is a patent's claims which measure the metes and bounds of what the patent protects. Moreover, it is black letter law that it is improper to read a limitation from a patent's specification into the claims when the claims do not contain that limitation. *See, e.g., Omega Eng., Inc. v. Raytec, Inc.*, 334 F.3d 1314, 1322-23 (Fed.Cir. 2003). Therefore, it is improper to read the terms "Internet interface" or "Internet access" into the claims of the '973 patent.

Finally, at page 6 of its Opposition, Astoria argues the Federal Circuit held that the patent specification confirms that the patent cannot read on ATMs which are connected only to a private network. The Federal Circuit, however, held no such thing. What the Federal Circuit held was that the **claims at issue** did not read on an ATM which is connected to a private network. Putting aside the question of whether Astoria's ATMs communicate over a private network, the **claims** of the '973 patent are not limited to "Internet interface" or "Internet access" and therefore the Federal Circuit's ruling is not binding on them. In addition, ATL's appellate options are still being pursued.

### III. <u>CONCLUSION</u>

Fed.R.Civ. P. 15(a) favors an extremely liberal policy of allowing amendments to pleadings. The present action asserts additional patents against different devices from those in the other action appealed to the Federal Circuit. Therefore, the issues raised in that other action are not "identical" to the issues raised herein, and thus, ATL's motion to amend its complaint is not futile or made in bad faith. For all these reasons, ATL should
6
963340

be permitted to amend its pleadings to assert infringement of U.S. Patent Nos. 7,575,850; 7,591,420; 7,617,973; 7,793,830; and 7,802,718.

Dated: July 2, 2012                     Respectfully submitted,

*[signature]*

Albert L. Jacobs, Jr.
Gerard F. Diebner
**Tannenbaum Helpern Syracuse & Hirschtritt LLP**
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Plaintiff*
*Automated Transactions, LLC*

7

963340