UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AUTOMATED TRANSACTIONS LLC,            :
                                       :
          Plaintiff,                 :     09-CV-09669 (SHS)
                                       :
   v.                                  :
                                       :
ASTORIA FINANCIAL CORPORATION and,     :
ASTORIA FEDERAL SAVINGS AND LOAN       :
ASSOCIATION,                           :
                                       :
          Defendant.                 :
------------------------------------------------------------ x

### DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

      In support of its motion for summary judgment of non-infringement and pursuant to Local Civil Rule 56.1, Defendant Astoria Federal Savings and Loan Association ("Astoria") hereby submits this statement of material facts to which Astoria contends there is no genuine issue to be tried.

1. ATL alleges that Astoria's ATMs infringe various claims of the '158, '677, '220, and '248 patents.

2. The '158, '677, '220, and '248 patents are all children of U.S. Patent No. 6,945,457 ("the '457 patent") which was litigated in *In re Transaction Holdings Ltd. v. IYG Holding Co.*, Nos. 2011-1361, 2011-1492, 2012 WL 1392647 (Fed. Cir. Apr. 23, 2012).

3. The '158 and '677 patents were both previously litigated in *Transaction Holdings*, 2012 WL 1392647.

4. All of the asserted claims of the '158, '677, and '220 contain an "Internet interface" limitation.

5. All of the patents-in-suit, as well as each of the patents litigated in *Transaction Holdings,* share a common specification which provides that "[t]he key to the invention is the multiple functioning of the terminal as compared to primarily single purpose devices of the prior art."

6. In *Transaction Holdings,* the Federal Circuit held that the term "Internet interface" requires Internet access and that claims containing that term do not read on ATMs that are connected only to a private network.

7. The Federal Circuit also held that the common specification confirmed the Internet requirement by providing that the "key to the invention" is its ability to provide "a host of services that the invention contemplated the ATM would be able to provide by virtue of its Internet access."

8. All Astoria ATMs are restricted by an Access Control List that limits the addresses with which Astoria ATMs can communicate. Astoria configures each of its Access Control Lists to limit each ATM to communicate solely over a private network with the Fidelity National Information Services ("FIS") router.

9. All Astoria ATMs are also restricted by fire walls that ensure that the servers can only route requests to the FIS router.

10. No one can access the Internet from an Astoria ATM and no one can access an Astoria ATM from the Internet.

Dated: July 18, 2012

                    SNR Denton US LLP

                    By: */s/ Mark C. Nelson*

                    Patrick E. Fitzmaurice (PF 8648)
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone:  (212) 768-6700
Facsimile:   (212) 768-6800
Email:  fitzmaurice@snrdenton.com

Mark C. Nelson
2000 McKinney Avenue, Suite 1900
Dallas, Texas   75201-1858
Telephone:  (214) 259-0901
Facsimile:   (214) 259-0910
Email:  mcnelson@snrdenton.com

**Attorneys for Astoria Federal Savings and Loan Association**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2012 I electronically filed the foregoing:

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

with the Clerk of the Court by using the CM/ECF System which will serve all counsel of record by notice of electronic filing.

By: */s/ Mark C. Nelson*
Mark C. Nelson